**COPY**

**SUM-100**

# SUMMONS **BY FAX**
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DENALI WATER SOLUTIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENRIQUE VERDUGO, on behalf of himself and others similarly situated

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 2 1 2017

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Justice Center 247 West Third Street, San Bernardino, CA 92415-0210 | CASE NUMBER: *(Número del Caso):* CIVDS1725423 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

| DATE: *(Fecha)* DEC 2 1 2017 | Clerk, by *(Secretario)* Manuel Henry Andriano | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Denali Water Solutions, LLC, a Delaware Limited Liability Company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2008]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Alvin B. Lindsay (SBN 220236)
3  alvin@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  Attorneys for Plaintiff ENRIQUE VERDUGO, on behalf of
   himself and others similarly situated

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 21 2017

BY _____
       MANUEL HENRY ANDRIANO, DEPUTY

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN BERNARDINO

10

| | |
|---|---|
| 11  ENRIQUE VERDUGO, on behalf of himself and others similarly situated,<br><br>12<br><br>        Plaintiff,<br>13<br>        v.<br>14<br>15  DENALI WATER SOLUTIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive<br>16<br>        Defendants. | Case No.: **CIVDS1725423**<br><br>**CLASS ACTION**<br><br><u>Assigned for All Purposes To:</u><br>Hon.<br>Dept.:<br><br>**CLASS ACTION COMPLAINT AND COLLECTIVE ACTION FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207;<br>4. Meal Period Liability Under Labor Code § 226.7;<br>5. Rest-Break Liability Under Labor Code § 226.7;<br>6. Violation of Labor Code §§ 226(a), 226.2;<br>7. Violation of Labor Code § 221;<br>8. Violation of Labor Code § 203;<br>9. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

BY FAX

26
27
28

CLASS ACTION COMPLAINT

1     Plaintiff ENRIQUE VERDUGO, (hereinafter "Plaintiff") on behalf of himself and all

2 others similarly situated (collectively, "Employees", individually, "Employee") brings this Class

3 and Collective Action Complaint complaining of Defendants, and each of them, as follows

**INTRODUCTION**

5    1   Plaintiff brings this action on behalf of himself and all current and former

6 employees within the State of California who, at any time four (4) years prior to the filing of this

7 lawsuit, are or were employed as non-exempt hourly driver employees by Defendants DENALI

8 WATER SOLUTIONS, LLC, a Delaware limited liability company ("Denali"), and DOES 1

9 through 50 (all defendants being collectively referred to herein as "Defendants")  Plaintiff alleges

10 that Defendants, and each of them, violated various provisions of the California Labor Code,

11 relevant orders of the Industrial Welfare Commission (IWC), and California Business &

12 Professions Code, and also brings a collective action for Defendants' violations of the provisions

13 of the Fair Labor Standards Act ("FLSA"), including 29 U S C  §§ 206 and 207, and seeks redress

14 therefore

15    2   Plaintiff is a resident of California and, during the time period relevant to this

16 Complaint, was employed by Defendants as a truck driver within the State of California and

17 based out of Defendant Denali's facility in San Bernardino County in Colton, California  As a

18 truck driver employed by Defendants within the State of California, Plaintiff's work required the

19 performance of manual labor consisting of driving Defendants' trucks and transporting loads

20 within the State of California  In performing these duties, Plaintiff did not utilize any independent

21 discretion, judgment, or management decisions with respect to matters of significance  To the

22 contrary, the work of Plaintiff as a truck driver, along with the Employees he represents in this

23 class action, was to provide on a daily basis the transportation of waste materials and other loads

24 in accordance with the management decisions and business policies established by Defendants

25 As a result, Plaintiff was entitled to be paid wages for all hours worked, provided accurate wage

26 statements, and meal and rest periods as required by California law  Plaintiff was paid by piece-

27 rate only while he was employed as a truck driver for Defendants by only either his miles driven

28 or loads delivered, or by some hybrid calculation combining these with an hourly rate derived

- 1 -

1    from Defendants' policy and practice of paying Employee drivers only a set amount for various

2    loads and distances, without regard to the real-time hours worked by Plaintiff and the Employees

3    both driving and in performing the other tasks required of them by Defendants   Thus, Plaintiff

4    and the Employees were underpaid for the hours they worked, and Defendants failed to maintain

5    accurate and complete records of these hours worked.

6         3      Plaintiff was also not provided through Defendants' compensation system with

7    minimum wages for his nonproduction work time, including for vehicle inspections, loading and

8    unloading, and cleaning he was required to perform in connection with his various loads driven,

9    and Defendants also failed to pay Plaintiff for nonproductive rest break time, as is required for

10    employees paid on a piece rate basis   Plaintiff also did not receive paid rest breaks as required by

11    California law and Defendants failed to provide Plaintiff with the legally required meal periods

12    Defendants failed to pay Plaintiff the correct amount of compensation because Defendants

13    established an illegal pay practice of paying Plaintiff on a piece rate basis when delivering loads

14    at the locations assigned by Defendants without regard to the actual hours Plaintiff and the

15    Employees worked in picking up and delivering the loads, and in performing all their other

16    various job duties Defendants required of them when they were not driving  Defendants thus

17    failed to pay minimum wages for compensable time worked, under both California and applicable

18    federal law  Plaintiff's employment with Defendants terminated in approximately April of 2017,

19    but to date, Defendants have not fully paid Plaintiff for all his wages still owed to him or any

20    penalty wages owed to him under California Labor Code § 203   The Employees similarly

21    situated with Plaintiff were subject to the same unlawful policies and practices and endured

22    similar violations to Plaintiff at the hands of Defendants

23         4      Defendant DENALI WATER SOLUTIONS, LLC ("Denali") is a Delaware

24    limited liability company whose web-site explains that it seeks to protect the quality of water by

25    recycling waste in ways that are sustainable and beneficial to the land, and offers its clients

26    solutions for the management, handling, disposal, and conversion of many types of organic waste

27    materials  Denali maintains its principle place of business in Arkansas and maintains its

28    designated office in California in Colton, California, in San Bernardino County, which upon

- 2 -

CLASS ACTION COMPLAINT

1   information and belief is referred to as Denali's Western Region headquarters, and Defendant

2   Denali operates throughout California and the United States, with offices in California, New

3   York, Massachusetts, Alabama, Texas, Georgia, and Arkansas  At all relevant times addressed

4   herein, Defendants thus conducted business in California throughout San Bernardino County, and

5   employed the Employees in the Class to drive loads to and from locations within California, or

6   within their various assigned states

7        5.      Plaintiff thus brings this class action on behalf of himself and a class of Employees

8   defined as all individuals who are or previously were employed by Defendants as drivers

9   ("Employees" or "the Class" or "the Class members") at any time during the period beginning on

10  the date four (4) years before the filing of this Complaint and ending on a date determined by the

11  Court ("the Class Period")

12       6       This Court has jurisdiction over this Action pursuant to California Code of Civil

13  Procedure § 410 10 and California Business & Professions Code § 17203  This Action is brought

14  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

15  Code of Civil Procedure § 382   Venue as to Defendants is also proper in this judicial district

16  pursuant to California Code of Civil Procedure § 395 et seq. Upon information and belief, the

17  obligations and liabilities giving rise to this lawsuit occurred in part in the County of San

18  Bernardino and Defendant Denali maintains a designated office in San Bernardino County.

19       7       The true names and capacities, whether individual, corporate, associate, or

20  whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

21  unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code

22  of Civil Procedure § 474  Plaintiff is informed and believes and thereon alleges that Defendants

23  designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

24  some manner for the unlawful acts referred to herein  Plaintiff will seek leave of court to amend

25  this Complaint to reflect the true names and capacities of the Defendants designated herein as

26  Does 1 through 50 when their identities become known

27       8       Plaintiff is informed and believes and thereon alleges that each Defendant acted in

28  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

- 3 -

1   out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

2   each Defendant are legally attributable to the other Defendants  Furthermore, Defendants acted in

3   all respects as the employers or joint employers of Employees  Defendants, and each of them,

4   exercised control over the wages, hours or working conditions of Employees, or suffered or

5   permitted Employees to work, or engaged, thereby creating a common law employment

6   relationship, with Employees  Therefore, Defendants, and each of them, employed or jointly

7   employed Employees

8                                      **FACTUAL BACKGROUND**

9        9        The Employees who comprise the Class, including Plaintiff, are nonexempt

10   employees pursuant to the applicable Wage Order of the IWC. To the extent Plaintiff or any of

11   the Class members are deemed to be exempt from California's wage and hour laws as drivers, it

12   is only as to overtime pay and not as to the requirements to pay minimum wages for all time

13   worked and to provide meal and rest periods to the Class members  Plaintiff and the Class

14   members were either not paid by Defendants for all hours worked or otherwise were not paid at

15   the appropriate minimum, regular and overtime rates based on the miles driven or loads delivered

16   under a piece rate calculation  Plaintiff also contends that Defendants failed to pay Plaintiff and

17   the Class members all wages due and owing, made unlawful deductions from their pay, failed to

18   provide meal and rest breaks, and failed to furnish accurate wage statements, all in violation of

19   various provisions of the California Labor Code and applicable Wage Orders

20        10       Thus, from at least four (4) years prior to the filing of this lawsuit and continuing

21   to the present, Defendants had a consistent policy or practice of failing to pay Employees for all

22   hours worked, and failing to pay minimum wage for all time worked as required by California

23   Law  This included Defendants' policy and practice of requiring Plaintiff and the Class members

24   to work 5-6 days per work week, and requiring Plaintiffs to work daily shifts ranging from 12 to

25   17 hours per day  However, rather than compensating Plaintiffs as employees for their hours

26   worked and at the appropriate regular, overtime, and double-time rates, Defendants treated them

27   as exempt employees and paid them based on a piece rate basis  Under Defendants' piece rate

28   compensation policy, Plaintiff and the Class members were generally paid on a per mile or per

-4-

1  load basis, or by an unexplained and difficult to understand hybrid system that paid drivers based

2  on how fast they arrived at destinations and only paid a set amount for specific types of loads and

3  distances driven without regard to the actual time it took to pick up and transport the loads, which

4  generally amounted to substantially less pay for hours worked than they would have otherwise

5  received had they been properly paid on an hourly basis as Defendant's non-exempt employees

6  As such, Plaintiff and the Class members incurred substantial regular hours, and in some

7  instances overtime hours, working for the benefit of Defendants that remain unpaid to them

8         11      Defendant maintained inadequate records, or no records, of the actual hours

9  worked each day by Plaintiff and the Class members, whether driving or during nonproductive

10  time, and instead required Employees to maintain daily driver logs with information regarding the

11  loads they drove, odometer readings, and delay codes  These logs included a column that

12  Defendants' offices used to write in hours or miles or other information that would dictate the

13  amount of pay received by the Employees for the various types of trips they took or loads they

14  transported, and then Defendants issued wage statements paying the driver Employees not by

15  their hours worked or pieces completed, but by a single entry under Other Earnings or Other

16  Hours which reflected the only pay the Employees generally received, presumably as some form

17  of a hybrid load or overall payment calculation arrived at through an unexplained and

18  undocumented policy and practice.

19         12      The work required to be performed by Plaintiff and the other Class members was

20  manual labor consisting of inspecting and supervising the loading and unloading of trucks and

21  driving Defendants' trucks and transporting goods within the State of California in accordance

22  with Defendants' policies and practices  Plaintiff and the Employee drivers in the Class were also

23  required to perform pre and post inspections of their vehicles in connection with each load they

24  picked up and delivered, and to shovel out load remnants or otherwise clean their vehicles after

25  transporting a load  As a result of this work, Plaintiff and the other Class members were involved

26  in providing day to day routine transportation of goods or waste materials as specified by

27  Defendants, and this work was executed by the performance of manual labor within a defined

28  skill set  Plaintiff and the other Class members employed by Defendants performed these manual

- 5 -
CLASS ACTION COMPLAINT

1    tasks but were not paid the minimum wages to which they were entitled because of Defendants'
2    systematic policies and practices of failing to correctly record all time worked, including, but not
3    limited to, time spent during pre and post trip inspections of Defendants' trucks, time spent
4    waiting for Defendants' loads to be ready for transport or during unloading, time spent shoveling
5    out and cleaning their vehicles after delivering loads, and time spent at Defendants' mandatory
6    meetings that Defendants required Plaintiff and the Class members to attend  Defendants failed to
7    correctly pay minimum wages to Plaintiff and the other Class members in accordance with
8    California law, and thereby systematically underpaid minimum compensation to Plaintiff and the
9    other Class members for their time worked, which Defendants failed to document as also required
10   under applicable California and federal law

11         13     Individuals in these truck driver positions are and were employees who are entitled
12   to minimum wage and prompt payment of amounts that the employer owes an employee, both as
13   the wages were earned and when the employee quits or is terminated, and other compensation and
14   working conditions that are prescribed by law

15         14     Industrial Welfare Commission Wage Order No  9-2001 provides  "Every
16   employer shall pay to each employee, on the established payday for the period involved, not less
17   than the applicable minimum wage for all hours worked in the payroll period, whether the
18   remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined
19   under the Wage Orders as "the time during which an employee is subject to the control of an
20   employer, and includes all the time the employee is suffered or permitted to work, whether or not
21   required to do so " Here, Plaintiff and Class members are entitled to separate hourly
22   compensation for time spent performing other non-driving tasks directed by Defendants during
23   their work shifts

24         15     Therefore, from at least four (4) years prior to the filing of this lawsuit and
25   continuing to the present, Defendants had a consistent policy or practice of failing to pay
26   Employees who were not exempt under California law all overtime compensation at premium
27   overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a
28   week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in

- 6 -

1    violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders  In fact,

2    Defendants failed to accurately and completely record all hours worked by Plaintiff and the Class

3    members, whether they were before or after eight hours worked in a shift or 40 hours in a work

4    week, and failed to pay them at the appropriate rates under the Labor Code, whether by the hour

5    or by a piece rate calculation based on miles driven or loads transported

6         16.    Furthermore, during the three years immediately preceding the filing of the

7    Complaint in this action and within the statute of limitations periods applicable to the Third Cause

8    of Action pled herein, Defendants employed Plaintiff and other drivers within the United States

9    (collectively "FLSA Collective Members")  FLSA Collective Members were, and are, victims of

10   Defendants' policies and/or practices complained of herein, lost money and/or property, and have

11   been deprived of the rights guaranteed to them by the FLSA, as addressed in further detail herein

12   The FLSA Collective Members include Defendants' current and former driver Employees who

13   worked based out of any of Defendants' locations throughout the United States, including in

14   California, New York, Massachusetts, Alabama, Texas, Georgia, and Arkansas

15        17    Additionally, Defendants failed to provide all the legally required unpaid, off-duty

16   meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other

17   Class members as required by the applicable Wage Order and Labor Code  Defendants did not

18   have a policy or practice which provided or recorded all the legally required unpaid, off-duty

19   meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other

20   Class members  Plaintiff and other Class members were required to perform work as ordered by

21   Defendants for more than five (5) hours during a shift without receiving a meal break  As a result,

22   Defendants' failure to provide the Plaintiff and the Class members with all the legally required

23   off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be

24   evidenced by Defendants' business records, or lack thereof

25        18    Therefore, from at least four (4) years prior to the filing of this lawsuit and

26   continuing to the present, Defendants have regularly required Employees to work shifts in excess

27   of five (5) hours without providing them with uninterrupted meal periods of not less than thirty

28   (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal

1   periods of not less than thirty minutes, nor did Defendants pay Employees "premium pay," i e

2   one hour of wages at each Employee's effective hourly rate of pay, for each meal period that

3   Defendants failed to provide or deficiently provided

4       19      Also, in addition to failing to pay Plaintiff and the Class members for their

5   nonproductive time, including their off-duty rest periods, from at least four (4) years prior to the

6   filing of this lawsuit and continuing to the present, Defendants have also consistently failed to

7   provide Employees with paid rest breaks of not less than ten (10) minutes for every work period

8   of four (4) or more consecutive hours, nor did Defendant pay Employees premium pay for each

9   day on which requisite rest breaks were not provided or were deficiently provided

10      20      From at least four (4) years prior to the filing of this lawsuit and continuing to the

11  present, Defendants have consistently and unlawfully collected or received wages from

12  Employees by making automatic deduction from Employees' wages for alleged meal periods

13  which Employees were consistently denied or by otherwise not compensating Plaintiff and the

14  Class members for all hours worked during on-duty meal periods they were required to endure

15  under Defendants' policies and practices, and by not paying drivers paid on a piece rate basis for

16  all their non-productive time worked, including off-duty rest periods

17      21      From at least four (4) years prior to the filing of this lawsuit, and continuing to the

18  present, Defendants have consistently failed to provide Employees with timely, accurate, and

19  itemized wage statements, in writing, as required by California wage-and-hour laws   More

20  specifically, Defendants also failed to provide the Plaintiff and the other members of the Class

21  with complete and accurate wage statements, as those provided failed to show, among other

22  things, the correct wages owed for time worked, including, allocation of lawfully required, paid,

23  and off-duty rest periods  California Labor Code § 226 provides that every employer shall furnish

24  each of his or her employees with an accurate itemized wage statement in writing showing,

25  among other things, gross wages earned and all applicable hourly rates in effect during the pay

26  period and the corresponding amount of time worked at each hourly rate, as well as the number of

27  piece-rate units earned and any applicable piece rate for employees who were paid on a piece-rate

28  basis  The wage statements Defendants provided to the Employee drivers in the Class listed

- 8 -
CLASS ACTION COMPLAINT

1    neither wage rates and hours worked at those rates nor pieces earned during the pay period which

2    lead to the calculated pay listed by Defendants without any further detail   As a result, Defendants

3    provided the Plaintiff and the other members of the Class with wage statements that were

4    inaccurate and which systematically violated California Labor Code § 226

5          22     From at least four (4) years prior to filing this lawsuit and continuing to the

6    present, Defendants have also had a consistent policy of failing to pay all wages for and owed to

7    Employees at the time of their termination or within seventy-two (72) hours of their resignation,

8    as required by California wage-and-hour laws   Plaintiff and the other driver Employees in the

9    Class who are no longer employed by Defendants have been separated from their employment but

10   have not been timely paid all wages owed in accordance with Labor Code §§ 201-204, as detailed

11   above

12         23     In this action, Plaintiff, on behalf of himself and the Class, seeks to recover all the

13   compensation that Defendants are required by law to provide, but failed to provide, to Plaintiff

14   and all other Class members   Plaintiff also seeks penalties and all other relief available to him and

15   other Class members under California law   Finally, Plaintiff seeks declaratory relief finding that

16   the employment practices and policies of the Defendants violated California law and injunctive

17   relief to enjoin the Defendants from continuing to engage in such unlawful employment practices

18         24.    In performing the conduct herein alleged, the Defendants' wrongful conduct and

19   violations of law as herein alleged demeaned and wrongfully deprived Plaintiff and the other

20   members of the Class of money and career opportunities to which they were lawfully entitled

21   Defendants engaged in such wrongful conduct by failing to have adequate employment policies

22   and maintaining adequate employment practices consistent with such policies and the applicable

23   law  Defendants' wrongful conduct as herein alleged caused the money belonging to the Plaintiff

24   and the other members of the Class to be kept by Defendants and thereby converted by

25   Defendants for Defendants' own use

26         25     Defendants failed to comply with the applicable requirements imposed by the

27   California Labor Code and the applicable Wage Order(s)  Defendants' practices violated and

28   continue to violate the law, regardless of whether the employees' work is paid by commission, by

1  salary, by hour, by piece rate, or by part hourly, part piece rate, and/or part salary or commission

2  As a result of this policy and practice, Defendants failed to pay minimum wages in accordance

3  with applicable law

4       26     Accordingly, Defendants also committed corresponding acts of unfair competition

5  in violation of the California Unfair Competition Law, California <u>Business & Professions Code</u>

6  §§ 17200, *et seq* by engaging in company-wide policies that violated the California <u>Labor Code</u>

7  and regulations promulgated thereunder as herein alleged

8       27.     In light of the foregoing, Employees bring this action pursuant to, *inter alia,* <u>Labor</u>

9  <u>Code</u> §§ 201, 202, 203, 204, 210, 218, 218 5, 218 6, 221, 226, 226 2, 226 7, 510, 512, 558, 558 1,

10  1174, 1174 5 1184, 1185, 1194, 1194 2, 1197, 1197 1, and 1199

11       28     Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208,

12  Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

13  enjoyed from their violations of the <u>Labor Code</u>

14       29     <u>The Fair Labor Standards Act</u> The Fair Labor Standards Act of 1938, as amended,

15  29 U S C §§ 201 *et seq* (hereinafter referred to as "FLSA"), provides for minimum standards for

16  both minimum and regular wages and overtime entitlement, and details administrative procedures

17  by which covered work time must be compensated The enactment of the provisions of the FLSA

18  provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage

19  and overtime pay provisions at issue in this Complaint According to Congressional findings, the

20  existence of labor conditions detrimental to the maintenance of the minimum standard of living

21  engenders unfair commercial competition, labor disputes, and barriers to commerce and the free

22  flow of goods in commerce, and interferes with the orderly and fair marketing of goods

23  Defendants violated the FLSA with the above described unlawful wage payment practices,

24  including by not paying Employees for all hours worked at the required minimum and regular

25  wage and for all overtime for hours worked over 40 in a workweek

26      **CLASS AND COLLECTIVE ALLEGATIONS**

27       30     Plaintiff brings this class action on behalf of himself an all others similarly situated

28  pursuant to <u>Code of Civil Procedure</u> § 382 Plaintiff seeks to represent a Class (or "the Class" or

- 10 -

1  "Class members") defined as follows  "All individuals employed by Defendants at any time

2  during the period of four (4) years prior to the filing of this lawsuit and ending on a date as

3  determined by the Court ("the Class Period"), and who have been employed by Defendants as

4  drivers within the State of California "

5       Further, Plaintiff seeks to represent the following Subclasses composed of and defined as

6  follows.

7      a     <u>Subclass 1.   Minimum Wages Subclass</u>  All Class members who were not

8  compensated for all hours worked for Defendants at the applicable minimum wage

9      b     <u>Subclass 2   Wages and Overtime Subclass</u>  All Class members who were not

10  compensated for all hours worked for Defendants at the required rates of pay, including for all

11  hours worked in excess of eight in a day and/or forty in a week

12      c.    <u>Subclass 3   Meal Period Subclass</u>  All Class members who were subject to

13  Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-

14  free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof

15      d     <u>Subclass 4   Rest Break Subclass</u>  All Class members who were subject to

16  Defendants' policy and/or practice of failing to authorize and permit Employees to take

17  uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

18  thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof

19      e     <u>Subclass 5   Wage Statement Subclass</u>  All Class members who, within the

20  applicable limitations period, were not provided with accurate itemized wage statements

21      f     <u>Subclass 6   Unauthorized Deductions from Wages Subclass</u>   All Class members

22  who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes

23  worth of wages from Employees for alleged meal periods they were denied and/or by

24  understating the hours worked by Employees

25      g     <u>Subclass 7   Termination Pay Subclass</u>  All Class members who, within the

26  applicable limitations period, either voluntarily or involuntarily separated from their employment

27  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

28  termination

CLASS ACTION COMPLAINT

1     h     Subclass 8   UCL Subclass   All Class members who are owed restitution as a

2   result of Defendants' business acts and practices, to the extent such acts and practices are found to

3   be unlawful, deceptive, and/or unfair

4          31     Plaintiff also brings this action pursuant to 29 U S C  § 216 on behalf of a

5   collective defined as  "All current and former employee drivers who worked for Defendant at any

6   time during the period of three (3) years prior to the filing of this lawsuit and ending on a date as

7   determined by the Court (the "FLSA Collective"). The FLSA Collective Members include of all

8   Defendants' current and former drivers who worked based out of any of Defendants' locations

9   throughout the United States, including in California, New York, Massachusetts, Alabama, Texas,

10  Georgia, and Arkansas   Defendants are liable under the FLSA for, *inter alia*, failing to properly

11  compensate Plaintiff and FLSA Collective Members for all hours worked

12         32     Plaintiff reserves the right under California Rule of Court 3 765 to amend or

13  modify the class description with greater particularity or further division into subclasses or

14  limitation to particular issues  To the extent equitable tolling operates to toll claims by the Class

15  against Defendants, the Class Period should be adjusted accordingly

16         33     Defendants, as a matter of company policy, practice and procedure, and in

17  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

18  requirements, and the applicable provisions of California law, intentionally, knowingly, and

19  willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for

20  the time worked by the Plaintiff and the other members of the Class, even though Defendants

21  enjoyed the benefit of this work, required employees to perform this work and permitted or

22  suffered to permit this work  Defendants have uniformly denied these Class members wages to

23  which these employees are entitled, and failed to provide meal periods or authorize and permit

24  rest periods, in order to unfairly cheat the competition and unlawfully profit

25         34     This action has been brought and may properly be maintained as a class action

26  under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

27  of interest in litigation and proposed class is easily ascertainable

28  ///

**A.     Numerosity**

35      The potential members of the Class as defined are so numerous that joinder of all the member of the class is impracticable  While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the Class Period, employed more than 100 individuals within the State of California

36      Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class members.

**B.     Commonality**

37      There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members  These common questions of law and fact include

a       Whether Defendants failed to pay Employees minimum wages, including for all hours worked and all pieces earned,

b       Whether Defendants failed to pay Employees wages for all hours worked,

c       Whether Defendants paid Employees for all nonproductive time worked, including for vehicle inspections, meetings, cleaning and maintenance, and loading and unloading time,

d       Whether Defendants violated Labor Code § 226 2 by failing to separately compensate Employees paid on a piece rate basis for their rest periods;

e       Whether Defendants failed to pay non-exempt Employees overtime as required under Labor Code § 510,

f       Whether Defendants violated Labor Code §§ 226 7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof,

g       Whether Defendants violated Labor Code §§ 226 7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof,

- 13 -

h    Whether Defendants violated <u>Labor Code</u> § 226(a) by providing Employees with inaccurate wage statements,

i    Whether Defendants violated <u>Labor Code</u> § 221,

j    Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment,

k    Whether Defendants unlawfully failed to correctly calculate and pay compensation due to members of the Class for missed meal and rest breaks in violation of the California <u>Labor Code</u> and California regulations and the applicable California Wage Order,

l    Whether Defendants unlawfully failed to keep and furnish Class members with accurate records of time worked and pieces earned on a piece rate basis;

m.   Whether Defendants' conduct was willful,

n    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq* , and

o    Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq*

**C.    Typicality**

38    The claims of the named plaintiff are typical of those of the other Employees Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conducts in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein

**D.    Adequacy of Representation**

39    Plaintiff will fairly and adequately represent and protect the interest of Employees Counsel who represents Employees are experienced and competent in litigating employment class actions

**E.    Superiority of Class Action**

40    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting

- 14 -

1   only individual Employees  Each Employee has been damaged and is entitled to recovery by

2   reason of Defendants' illegal policies or practices of failing to compensate Employees properly

3        41     As to the issues raised in this case, a class action is superior to all other methods

4   for the fair and efficient adjudication of this controversy, since joinder of all Class members is

5   impracticable and since many legal and factual questions to be adjudicated apply uniformly to all

6   Class members  Further, as the economic or other loss suffered by vast numbers of Class

7   members may be relatively small, the expense and burden of individual actions makes it difficult

8   for the Class members to individually redress the wrongs they have suffered  Moreover, in the

9   event disgorgement is ordered, a class action is the only mechanism that will permit the

10  employment of a fluid fund recovery to ensure that equity is achieved  There will be relatively

11  little difficulty in managing this case as a class action, and proceeding on a class-wide basis will

12  permit Employees to vindicate their rights for violations they endured which they would

13  otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost

14  prohibitive to them

15       42     Class action treatment will allow those persons similarly situated to litigate their

16  claims in the manner that is most efficient and economical for the parties and the judicial system

17  Plaintiff is unaware of any difficulties in managing this case that should preclude class

18  proceedings in this action.

19       43     Defendants, as a prospective and actual employer of the Employees, had a special

20  fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants'

21  pay practices, policies and working conditions imposed upon the similarly situated drivers as well

22  as the effect of any alleged arbitration agreements that may have been forced upon them  In

23  addition, Defendants knew they possessed special knowledge about pay practices and policies,

24  most notably intentionally refusing to pay nonproductive time and for all hours actually worked

25  which should have been recorded in Defendants' pay records and the consequence of the alleged

26  arbitration agreements and policies and practices on the Employees and Class as a whole

27       44     Plaintiff and the Employees in the Class did not discover the fact that they were

28  entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was

- 15 -

CLASS ACTION COMPLAINT

1   there ever any discussion about Plaintiff's and the Class' waiver of their Constitutional rights of

2   trial by jury, right to collectively organize and oppose unlawful pay practices under California

3   and federal law as well as obtain injunctive relief preventing such practices from continuing   As

4   a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class

5   members discovered their claims

6                           **FIRST CAUSE OF ACTION**

7                       **FAILURE TO PAY MINIMUM WAGES**

8                           **(Against All Defendants)**

9           45      Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth

10   in full herein

11          46      Defendants failed to pay Employees minimum wages for all hours worked

12   Defendants had a consistent policy of misstating Employees' drivers' logs and records of hours

13   worked and of failing to pay Employees for all hours worked  Additionally, Defendants had a

14   consistent policy of failing to pay Employees for hours worked during alleged meal periods for

15   which Employees were consistently denied   Plaintiff and the other members of the Class bring a

16   claim for Defendants' willful and intentional violations of the California <u>Labor Code</u> and the

17   Industrial Welfare Commission requirements for Defendants' failure to accurately calculate and

18   pay minimum wages to Plaintiff and Class members.

19          47      Pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations,

20   and public policy, an employer must timely pay its employees for all hours worked   Defendants

21   failed to do so

22          48      California <u>Labor Code</u> § 1197, entitled "Pay of Less Than Minimum Wage"

23   states

24              The minimum wage for employees fixed by the commission is the
                minimum wage to be paid to employees, and the payment of a less
25              wage than the minimum so fixed is unlawful.

26          49      The applicable minimum wages fixed by the commission for work during the

27   relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are

28   therefore entitled to double the minimum wage during the relevant period

                                   - 16 -

50    The minimum wage provisions of California <u>Labor Code</u> are enforceable by private civil action pursuant to California <u>Labor Code</u> § 1194(a), which establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit, as follows

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit

51    As described in <u>California Labor Code</u> §§ 1185 and 1194 2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission

52    <u>California Labor Code</u> § 1194 2 also provides for the following remedies
> In any action under Section 1194    to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon

53    Additionally, California <u>Labor Code</u> § 226 2(a)(1) states that, for "employees compensated on a piece-rate basis during a pay period,    Employees shall be compensated for rest and recovery periods and all other nonproductive time separate from any piece-rate compensation " Defendants failed to do so for Plaintiff and the Class members when they were paid on a piece rate basis, including by failing to comply with the other provisions of <u>Labor Code</u> § 226 2 addressing the requirements for compensating employees for rest and recovery periods and other nonproductive time separate from piece rate compensation  Employees were paid on a piece rate basis  However, Defendants failed to separately pay Employees for their rest periods in violation of <u>Labor Code</u> § 226 2 and California minimum wage laws, discussed above

54    Defendants maintained a uniform wage practice of paying Plaintiff and the other members of the Class without regard to the correct amount of time they worked, including time spent engaging in pre and post-trip inspections and maintenance and cleaning and in non-driving related tasks such as supervising loading and off-loading and for attending mandatory meetings and trainings required by Defendants, and Defendants also failed to timely and correctly pay

Plaintiff and the Class members at the appropriate piece rate for all piece rate units earned for the miles or loads they drove and delivered on Defendants' behalf  Defendants also failed to pay all wages at the correct hourly rate for all rest periods to which Plaintiff and the Class members were entitled, as such rest periods must be duty free and were not accounted for as time worked when Plaintiff and the Class members were paid on a piece rate basis  As set forth herein, Defendants' uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to Plaintiff and the other members of the Class.

55     Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class in regard to minimum wage pay  Defendants are obligated to pay these minimum wages without regard to whether Plaintiff and the Employee drivers in the Class are or should have been exempt from the overtime or other requirements of the applicable laws

56     In committing these violations of the California Labor Code, Defendants inaccurately calculated the correct time worked and consequently underpaid the actual time worked, along with failing to pay for all piece rate units earned by Plaintiff and other members of the Class  Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations   As a result of these violations, Defendant also failed to timely pay all wages earned in accordance with California Labor Code § 1194

57     As a direct result of Defendants' unlawful wage practices as alleged herein, the Plaintiff and the other members of the Class did not receive the correct minimum wage compensation for their time worked for Defendants and for all piece rate units earned, including by not receiving wages for all rest periods and all rest and recovery and nonproductive work time when they were paid on a piece rate basis

58     In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197 1, Plaintiff and Class members are entitled to recover a penalty of $100 00 for the initial

- 18 -

1   failure to timely pay each employee minimum wages, and $250 00 for each subsequent failure to

2   pay each employee minimum wages

3        59      Pursuant to California Labor Code § 1194 2, Plaintiff and Class members are

4   entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and

5   interest thereon

6        60      During the Class Period, Plaintiff and the other members of the Class were paid

7   less for time worked and piece rate units than they were entitled to, constituting a failure to pay

8   all earned wages

9        61      By virtue of Defendants unlawful failure to accurately pay all earned

10  compensation to Plaintiff and the other members of the Class for the true time they worked and

11  piece rate units they earned, Plaintiff and the other members of the Class have suffered and will

12  continue to suffer an economic injury in amounts which are presently unknown to them and

13  which will be ascertained according to proof at trial

14       62      Defendants knew or should have known that Plaintiff and the other members of the

15  Class were under-compensated for their time worked and were paid less than all wages they

16  earned  Defendants systematically elected, either through intentional malfeasance or gross

17  nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice

18  and procedure, and Defendants perpetrated this systematic scheme by refusing to pay Plaintiff

19  and the other members of the Class the correct minimum wages for their time worked and for all

20  piece rate units earned.

21       63      Defendants have the ability to pay minimum wages for all time worked by Plaintiff

22  and the Class members, and have willfully refused to pay such wages  In performing the acts and

23  practices herein alleged in violation of California labor laws, and refusing to compensate the

24  members of the Class for all time worked and provide them with the requisite compensation,

25  Defendants acted and continue to act intentionally, oppressively, and maliciously toward Plaintiff

26  and the other members of the Class with a conscious and utter disregard for their legal rights, or

27  the consequences to them, and with the despicable intent of depriving them of their property and

28  legal rights, and otherwise causing them injury in order to increase company profits at the

- 19 -

1    expense of these employees

2         64     Wherefore, Employees are entitled to recover the unpaid minimum wages

3    (including double minimum wages), liquidated damages in an amount equal to the minimum

4    wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit

5    pursuant to California Labor Code § 1194(a)   Plaintiff and the other members of the Class further

6    request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the

7    assessment of any statutory penalties against Defendants, in a sum as provided by the California

8    Labor Code and/or other applicable statutes   To the extent minimum wage compensation is

9    determined to be owed to the Class members who have terminated their employment,

10   Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals

11   are also be entitled to waiting time penalties under California Labor Code § 203, which penalties

12   are sought herein on behalf of these Class members   Defendants' failure to timely pay all wages

13   owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they

14   resulted in the issuance of inaccurate wage statements   Defendants' conduct as alleged herein

15   was willful, intentional and not in good faith   Further, Plaintiff and other Class members are

16   entitled to seek and recover statutory costs.

17                    **SECOND CAUSE OF ACTION**

18   **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

19                      **(Against All Defendants)**

20        65     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth

21   in full herein

22        66.    By their conduct, as set forth herein, Defendants violated California Labor Code

23   § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay

24   Employees  (a) time and one-half their regular hourly rates for hours worked in excess of eight

25   (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8)

26   hours worked on the seventh day of work in any one workweek, or (b) twice their regular rate of

27   pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in

28   excess of eight (8) hours on any seventh day of work in a workweek  For the Employee

                              - 20 -

members of the Class who were not exempt from California law regarding overtime, Defendants again had a consistent policy of not paying Employees wages for all hours worked. Employees regularly worked up to 17 hours on a given day and well over 40 hours in a work week without receiving overtime compensation

67     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly  From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all minimum and regular wages and overtime compensation earned by Employees  Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204

68     In California, employees must be paid at least the then applicable state minimum wage for all hours worked  (IWC Wage Order MW-2014)  At all times relevant hereto, the Labor Code requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week

69     Defendants, and each of them, have intentionally and improperly avoided payment of overtime wages in violation of the California Labor Code and California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above and in connection with those Class members who are or were not exempt from the overtime requirements  Defendants have also violated these provisions by requiring Plaintiff and other similarly situated Employees to work through meal and rest periods when they were required to be off duty and by not compensating them for all hours worked and pieces earned, including for nonproductive time and for all hours worked, miles driven, and loads delivered  This resulted in an underpayment of wages to Plaintiff and the Class members over a period of time while benefiting Defendants

///

- 21 -

70      California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement

71      Defendants' failure to pay Plaintiff and the Class members all wages owed to them also violated California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), to the extent their managers specifically instructed them that they were not entitled to receive overtime under the California Labor Code and related provisions for off the clock work they were required to perform when they were no exempt from the California laws regarding overtime

72      Plaintiff and the Class members are informed and believe, and based upon that information and belief therefore further allege, that Defendants knew or should have known that Plaintiff and the Class did not qualify as exempt employees, and Defendants purposely elected not to pay Plaintiff and the Class members for all their hours worked and for their overtime labor performed

73      As a direct result of Defendants' unlawful wage practices as alleged herein, the Plaintiff and the other members of the Class did not receive the correct minimum wage compensation for their time worked for Defendants and for all piece rate units earned, including by not receiving wages for all rest periods and all rest and recovery and nonproductive work time when they were paid on a piece rate basis

74      In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197 1, Plaintiff and Class members are entitled to recover a penalty of $100 00 for the initial failure to timely pay each employee minimum wages, and $250 00 for each subsequent failure to pay each employee minimum wages

75      Pursuant to California Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon

- 22 -

76      During the Class Period, Plaintiff and the other members of the Class were paid less for time worked and piece rate units than they were entitled to, constituting a failure to pay all earned wages  By virtue of Defendants unlawful failure to accurately pay all earned compensation to Plaintiff and the other members of the Class for the true time they worked and piece rate units they earned, Plaintiff and the other members of the Class have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

77      Therefore, Plaintiff and the Class members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California Labor Code § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable California Code of Regulations sections  Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission)

78      Consequently, pursuant to California Labor Code §§ 204, 210, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

### THIRD CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UNDER THE FLSA

### (Against All Defendants)

79      Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein

80      At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U S C  § 203(s)(l)

81      Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the

- 23 -

1   clock and for less than minimum wage under 29 U S C § 206(a)(1)   That Section provides the

2   following

3        Every employer shall pay to each of his employees who in any workweek is engaged in
     commerce or in the production of goods for commerce, or is employed in an enterprise engaged

4   in commerce or in the production of goods for commerce, wages at the following rates
         (1) except as otherwise provided in this section, not less than—

5        (A) $5 85 an hour, beginning on the 60th day after May 25, 2007,
         (B) $6 55 an hour, beginning 12 months after that 60th day, and

6        (C) $7 25 an hour, beginning 24 months after that 60th day,

7

8        82      Plaintiff is informed and believes, and thereon alleges, that certain or all of the

9   Employees were not exempt employees under the FLSA's overtime provisions and that

10  Defendants also required Plaintiff and requires the FLSA collective Employees to work without

11  overtime in excess of the forty (40) hours per week maximum under 29 U S C § 207(a)(I). That

12  Section provides the following

13       Except as otherwise provided in this section, no employer shall employ any of his
     employees   . for a workweek longer than forty hours unless such employee receives

14   compensation for his employment in excess of the hours above specified at a rate which
     is not less than one and one-half times the regular rate at which he is employed

15

16       83      In the performance of their duties for Defendants, members of the FLSA collective

17  employees often did work off the clock and over forty (40) hours per week and did not receive

18  minimum wages and other required compensation for the work, labor and services they provided

19  to Defendants, as required by the FLSA, 29 U S C §§ 206 and 207 and as addressed in detail

20  above

21       84      At all times relevant to this action, Plaintiff was an "employee" of Defendants

22  within the meaning of 29 U S C § 203(e)(1) of the FLSA  At all times relevant to this action,

23  Defendants "suffered or permitted" Plaintiffs and the FLSA Collective Members to work and thus

24  "employed" them within the meaning of 29 U S C § 203(g) of the FLSA  At all times relevant to

25  this action, Defendants required Plaintiff and FLSA Collective Members to perform work under

26  Defendants employ but failed to pay them the federally mandated wages and overtime

27  compensation for all services performed

28  ///

85      The precise amount of unpaid wages and unpaid hours will be proven at trial, as will the extent of the geographic scope of the FLSA Collective, as Defendants maintain operations in California but also in other states throughout the United States   Upon information and belief, Employees of Defendants in other states besides California were also subject to the same uniform and unlawful company policies and practices as were the members of the FLSA Collective employed in California, as addressed herein

86      The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees  Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA Collective Members  By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective Members, Defendants have violated, and continue to violate, the FLSA, 29 U S C  §§ 201, *et seq*

87      Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U S C  § 216(b), by filing written consents to joinder with the Court

88      Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions

89      Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U S C  §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U S C  § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated "

///

///

- 25 -

## **FOURTH CAUSE OF ACTION**

### **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

### **(Against All Defendants)**

90     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein

91     Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours  Pursuant to <u>Labor Code</u> § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes

92     Defendants failed to provide Employees with meal periods as required under the <u>Labor Code</u>  Employees were consistently required to work through their meal periods which they were consistently denied  Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law

93.    Defendants failed to provide Plaintiff and the Class members with meal periods as required by the <u>Labor Code</u>, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks

94     <u>Labor Code</u> § 226 7 and paragraph 11 of the applicable IWC Wage Orders also provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided  Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226 7

95     Therefore, pursuant to <u>Labor Code</u> § 226 7 and paragraph 11 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently

1   provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against

2   the Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes

3   ### FIFTH CAUSE OF ACTION

4   ### REST-BREAK LIABILITY UNDER LABOR CODE § 226.7

5   ### (Against All Defendants)

6        96     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth

7   in full herein

8        97     <u>Labor Code</u> §§ 226 7 and paragraph 12 of the applicable IWC Wage Orders

9   provide that employers must authorize and permit all employees to take rest periods at the rate of

10  ten (10) minutes net rest time per three and a half (3 5) work hours

11       98     Employees consistently worked consecutive four (4) hour periods during their

12  work shifts  Pursuant to the <u>Labor Code</u> and the applicable IWC Wage Order, Employees were

13  entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour

14  shift, or major fraction thereof

15       99     <u>Labor Code</u> §§ 226 7 and paragraph 12 of the applicable IWC Wage Orders

16  provide that if an employer fails to provide an employee rest period in accordance with this

17  section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

18  compensation for each workday that the rest period is not provided

19       100    Defendants failed to provide Employees with timely rest breaks of not less than ten

20  (10) minutes for each consecutive four (4) hour shift  Defendants, and each of them, have

21  therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in

22  violation of <u>Labor Code</u> §§ 226 7 and 512 and paragraph 12 of the applicable IWC Wage Orders

23       101    Defendants failed to authorize and permit Plaintiff and the Class members to take

24  rest periods, as required by the <u>Labor Code</u>  Moreover, Defendants did not compensate

25  Employees with an additional hour of pay at each Employee's effective hourly rate for each day

26  that Defendants failed to provide them with adequate rest breaks, as required under <u>Labor Code</u> §

27  226 7

28  ///

1   102  Therefore, pursuant to Labor Code § 226 7 and paragraph 12 of the applicable

2  IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of

3  wages at their effective hourly rates of pay for each day worked without the required rest breaks,

4  a sum to be proven at trial, as well as the assessment of any statutory penalties against

5  Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes

6           **SIXTH CAUSE OF ACTION**

7     **VIOLATION OF LABOR CODE § 226(a) and § 226.2**

8         **(Against All Defendants)**

9   103  Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth

10  in full herein.

11   104  California Labor Code § 226(a) requires an employer to furnish each of his or her

12  employees with an accurate, itemized statement in writing showing the gross and net earnings,

13  total hours worked, and the corresponding number of hours worked at each hourly rate; these

14  statements must be appended to the detachable part of the check, draft, voucher, or whatever else

15  serves to pay the employee's wages, or, if wages are paid by cash or personal check, these

16  statements may be given to the employee separately from the payment of wages, in either case the

17  employer must give the employee these statements twice a month or each time wages are paid

18   105  Defendants failed to provide Employees with accurate itemized wage statements in

19  writing, as required by the Labor Code  Specifically, the wage statements given to Employees by

20  Defendants failed to accurately account for wages, overtime, hours worked, pieces earned, hourly

21  rates and piece rates, and did not provide pay for nonproductive time and premium pay for

22  deficient meal periods and rest breaks, and automatically deducted wages for alleged meal

23  periods, all of which Defendants knew or reasonably should have known were owed to

24  Employees, as alleged hereinabove

25   106  California Labor Code § 226 2(a)(2)(A)-(B) further instructs that "The itemized

26  statement required by subdivision (a) of Section 226 shall, in addition to the other items specified

27  in that subdivision, separately state the following, to which the provisions of Section 226 shall

28  also be applicable  (A) The total hours of compensable rest and recovery periods, the rate of

1    compensation, and the gross wages paid for those periods during the pay period   (B) Except for

2    employers paying compensation for other nonproductive time in accordance with paragraph (7),

3    the total hours of other nonproductive time, as determined under paragraph (5), the rate of

4    compensation, and the gross wages paid for that time during the pay period "   Defendants failed

5    to issue accurate itemized wage statements to Plaintiff and the Class members when they were

6    paid on a piece rate basis because the wage statements failed to comply with the requirements of

7    Labor Code § 226.2, in addition to Labor Code § 226.

8          107    California Labor Code § 226 provides that every employer shall furnish each of his

9    or her employees with an accurate itemized wage statement in writing showing, among other

10   things, gross wages earned and all applicable hourly rates and piece rates in effect during the pay

11   period and the corresponding amount of time worked at each hourly rate and piece rate units

12   earned   As a result, Defendants provided Plaintiff and the other members of the Class with wage

13   statements which violated California Labor Code § 226

14         108    As a direct and proximate cause of Defendants' violation of Labor Code § 226(a),

15   Employees suffered injuries, including among other things confusion over whether they received

16   all wages owed them, the difficulty and expense involved in reconstructing pay records, and

17   forcing them to make mathematical computations to analyze whether the wages paid in fact

18   compensated them correctly for all hours worked and all pieces earned.

19         109    Plaintiff and the Class members suffered injury as a result of Defendants' knowing

20   and intentional failure to provide them with the wage and hour statements as required by law and

21   are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the

22   Defendants have failed to provide a wage statement, failed to provide accurate and complete

23   information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive,

24   and the Plaintiff and Class members cannot promptly and easily determine from the wage

25   statement alone one or more of the following  (i) The amount of the gross wages or net wages

26   paid to the employee during the pay period or any of the other information required to be

27   provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of

28   subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net

1     wages paid to the employee during the pay period, (iii) The name and address of the employer

2     and, (iv) The name of the employee and only the last four digits of his or her social security

3     number or an employee identification number other than a social security number   For purposes

4     of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person [i e  an

5     objective standard] would be able to readily ascertain the information without reference to other

6     documents or information

7          110     Plaintiff and the Class members suffered injury as a result of Defendants' knowing

8     and intentional failure to provide them with the wage and hour statements as required by law

9          111     Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover

10     the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

11     violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

12     exceeding an aggregate penalty of four thousand dollars ($4,000)  They are also entitled to an

13     award of costs and reasonable attorneys' fees.

14                              **SEVENTH CAUSE OF ACTION**

15                            **VIOLATION OF LABOR CODE § 221**

16                                 **(Against All Defendants)**

17          112     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth

18     in full herein.

19          113     <u>Labor Code</u> § 221 provides, "It shall be unlawful for any employer to collect or

20     receive from an employee any part of wages theretofore paid by said employer to said employee "

21          114     Defendants unlawfully received and/or collected wages from Employees by

22     implementing a policy of automatically deducting time worth of vested wages, from Employees,

23     for alleged meal periods which they were consistently denied, as well as by understating the hours

24     worked and miles driven and loads delivered by Employees as alleged above.

25          115     As a direct and proximate cause of the unauthorized deductions, Employees have

26     been damaged, in an amount to be determined at trial

27     ///

28     ///

CLASS ACTION COMPLAINT

**EIGHTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE § 203**

**(Against All Defendants)**

116    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein

117.    Numerous Employees are no longer employed by Defendants, they either quit Defendants' employ or were fired therefrom.

118    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation

119    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment

120    Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law  Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for nonproductive time or to pay them at the appropriate rate or requiring off the clock work, and failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203

121    Defendants' willful failure to pay wages, as alleged above, entitles Plaintiffs and the Employees in the Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200**

**(Against all Defendants)**

122    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein

123    Plaintiff, on behalf of himself, Employees, and the general public, brings this

- 31 -

1   claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*  The conduct of Defendants as

2   alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to

3   Employees and the general public  Plaintiff seeks to enforce important rights affecting the public

4   interest within the meaning of <u>Code of Civil Procedure</u> § 1021 5

5          124     Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> §

6   17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive

7   relief, restitution, and other appropriate equitable relief

8          125     <u>Business & Professions Code</u> § 17200 *et seq*  prohibits unlawful and unfair

9   business practices  By the conduct alleged herein, Defendants' practices were deceptive and

10  fraudulent in that Defendants' policy and practice failed to provide the required amount of

11  compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and

12  Class members for all non-production time, due to a systematic business practice that cannot be

13  justified, pursuant to the applicable California <u>Labor Code</u> and Industrial Welfare Commission

14  requirements in violation of California <u>Business and Professions Code</u> §§ 17200, et seq , and for

15  which this Court should issue injunctive and equitable relief, pursuant to California <u>Business &</u>

16  <u>Professions Code</u> § 17203, including restitution of wages wrongfully withheld

17         126     Wage-and-hour laws express fundamental public policies  Paying employees their

18  wages and overtime, providing them with meal periods and rest breaks, etc , are fundamental

19  public policies of California  <u>Labor Code</u> § 90 5(a) articulates the public policies of this State

20  vigorously to enforce minimum labor standards, to ensure that employees are not required or

21  permitted to work under substandard and unlawful conditions, and to protect law-abiding

22  employers and their employees from competitors who lower costs to themselves by failing to

23  comply with minimum labor standards

24         127     Defendants have violated statutes and public policies  Through the conduct alleged

25  in this Complaint Defendants have acted contrary to these public policies, have violated specific

26  provisions of the <u>Labor Code</u>, and have engaged in other unlawful and unfair business practices

27  in violation of <u>Business & Professions Code</u> § 17200 *et seq*., which conduct has deprived

28  Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and

- 32 -

1     privileges guaranteed to all employees under the law

2           128    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

3     violation of the <u>Business & Professions Code</u> § 17200 *et seq*

4           129    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

5     overtime, failing to provide meal periods and rest breaks, etc , either knew or in the exercise of

6     reasonable care should have known that their conduct was unlawful; therefore their conduct

7     violates the <u>Business & Professions Code</u> § 17200 *et seq*

8           130    By the conduct alleged herein, Defendants have engaged and continue to engage in

9     a business practice which violates California and federal law, including but not limited to, the

10     applicable Industrial Wage Order(s), the California <u>Code of Regulations</u>, the California <u>Labor</u>

11     <u>Code</u> including Sections 204, 226, 226 2, 226 7, 512, 1194, 1197, and 1198, for which this Court

12     should issue declaratory and other equitable relief pursuant to California <u>Business & Professions</u>

13     <u>Code</u> § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

14     competition, including restitution of wages wrongfully withheld

15           131    As a proximate result of the above-mentioned acts of Defendants, Employees have

16     been damaged, in a sum to be proven at trial

17           132    Unless restrained by this Court Defendants will continue to engage in such

18     unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court

19     should make such orders or judgments, including the appointment of a receiver, as may be

20     necessary to prevent the use by Defendants or their agents or employees of any unlawful or

21     deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the

22     disgorgement of such profits as may be necessary to restore Employees to the money Defendants

23     have unlawfully failed to pay.

24                       **PRAYER FOR RELIEF**

25     WHEREFORE, Plaintiff prays for judgment as follows

26           1    For an order certifying this action as a class action and certification of the claims

27     as alleged herein and of the Class and any Subclasses as may be further defined,

28           2    For compensatory damages in the amount of the unpaid minimum wages for work

1   performed by Employees and unpaid overtime compensation from at least four (4) years prior to

2   the filing of this action, as may be proven,

3          3       For liquidated damages in the amount equal to the unpaid minimum wage and

4   interest thereon, from at least four (4) years prior to the filing of this action, as may be proven,

5          4       For compensatory damages in the amount of all unpaid wages, including overtime

6   pay, as may be proven,

7          5       For restitution and/or damages for all amounts unlawfully withheld from the wages

8   of Employees in violation of <u>Labor Code</u> § 221, as may be proven

9          6       For compensatory damages in the amount of the hourly wage made by Employees

10  for each missed or deficient meal period where no premium pay was paid, as may be proven,

11         7       For compensatory damages in the amount of the hourly wage made by Employees

12  for each day requisite rest breaks were not provided or were deficiently provided where no

13  premium pay was paid, as may be proven,

14         8       For penalties pursuant to <u>Labor Code</u> § 226, for Employees as may be proven,

15         9       For penalties pursuant to <u>Labor Code</u> § 203 for all Employees who quit or were

16  fired in an amount equal to their daily wage times thirty (30) days, as may be proven,

17         10      For restitution for unfair competition pursuant to <u>Business & Professions Code</u>

18  § 17200, including disgorgement of profits resulting from Defendant' unlawful business acts and

19  practices, according to proof,

20         11      For an order enjoining Defendants and their agents, servants, and employees, and

21  all persons acting under, in concert with, or for them, from acting in derogation of any rights or

22  duties adumbrated in this complaint,

23         12      For facilitated Notice under 29 USC § 216(b), compensation pursuant to the

24  FLSA, 29 U S C §§ 201, 206, 207, *et seq*, conditional and final certification of a Collective

25  Action, and for interest on any compensatory damages, and attorneys' fees, interest, and costs of

26  suit pursuant to 29 U S C § 216(b),

27         13      For all general, special, and incidental damages as may be proven,

28         14      For pre-judgment and post-judgment interest, according to proof,

1       15     For attorneys' fees, according to proof,

2       16     For costs of suit incurred herein, and

3       17     For such other relief the Court may deem just and proper.

4

5    DATED    December 21, 2017       DAVID YEREMIAN & ASSOCIATES, INC

6

7                                  By _____

8                                      David Yeremian
                                     Alvin B. Lindsay

9                                      Attorneys for Plaintiff
                                     ENRIQUE VERDUGO

10                                      and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby requests trial by jury on all claims and issues that are so triable.

3

4

DATED    December 21, 2017         DAVID YEREMIAN & ASSOCIATES, INC.

5

6

By

7

David Yeremian
Alvin B. Lindsay

8

Attorneys for Plaintiff
ENRIQUE VERDUGO

9

and all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

COPY

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address):* | FOR COURT USE ONLY |
|---|---|
| Alvin Lindsay (220236) <br> David Yeremian & Associates Inc. <br> 535 N. Brand Blvd., Suite 705 <br> Glendale, CA 91203 <br> TELEPHONE NO.: (818) 230-8380   FAX NO.: (818) 230-0308 <br> ATTORNEY FOR *(Name):* Plaintiff, Enrique Verdugo | **F I L E D** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN BERNARDINO <br> SAN BERNARDINO CIVIL DIVISION <br><br> DEC 21 2017 <br><br> BY _____ <br> MANUEL HENRY ANDRIANO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Verdugo v. Denali Water Solutions, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVDS1725423 |
|---|---|---|---|---|
| [✓] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case.**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* Nine (9)
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 21, 2017

Alvin Lindsay
_____   ►  _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

BY FAX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ENRIQUE  VERDUGO

CASE NO. _____

vs.

**CERTIFICATE OF ASSIGNMENT**

DENALI  WATER  SOLUTIONS,  LLC

---

A civil action or proceeding presented for filing must be accompanied by this Certificate  If the ground is the residence of a party, name and residence shall be stated

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule 404 of this court for the checked reason

☐ General                    ☐ Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district |
| ☐ | 3 | Contract | Performance in the district is expressly provided for |
| ☐ | 4. | Equity | The cause of action arose within the district |
| ☐ | 5 | Eminent Domain | The property is located within the district |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district |
| ☐ | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district |
| ☐ | 9 | Mandate | The defendant functions wholly within the district |
| ☐ | 10 | Name Change | The petitioner resides within the district |
| ☐ | 11 | Personal Injury | The injury occurred within the district |
| ☐ | 12 | Personal Property | The property is located within the district |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district |
| ☐ | 15 | Review | The defendant functions wholly within the district |
| ☐ | 16 | Title to Real Property | The property is located within the district |
| ☐ | 17 | Transferred Action | The lower court is located within the district |
| ☐ | 18 | Unlawful Detainer | The property is located within the district |
| ☐ | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district |
| ☒ | 20 | Other CLASS  ACTION | |
| ☐ | 21 | THIS FILING WOULD   NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is

| DENALI  WATER  SOLUTIONS,  LLC | 2001  WEST  KEY  STREET | |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS | |
| COLTON | CALIFORNIA | 92324 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on _12/21/2017_____ at _GLENDALE,  CA_____, California

_____
*Signature of Attorney/Party*

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1725423

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 03/06/18     Time:  8:30      Dept: S26

IN RE: **COMPLEX**VERDUGO -V- DENALI WATER SOLUTIONS

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 03/06/18 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy Eberhardt, Interim Court Executive Officer
Date: 12/21/17                           By: MANUEL HENRY ANDRIANO
-------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 12/21/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/21/17 at San Bernardino, CA  By: MANUEL HENRY ANDR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

ENRIQUE VERDUGO

CASE NO.: CIVDS1725423

vs.

**CERTIFICATE OF ASSIGNMENT**

DENALI WATER SOLUTIONS, LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

**BY FAX**

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other CLASS ACTION | |
| ☐ | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| DENALI WATER SOLUTIONS, LLC | 2001 WEST KEY STREET |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| COLTON | CALIFORNIA | 92324 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 12/21/2017 _____ at GLENDALE, CA _____, California

_____
Signature of Attorney/Party

**CERTIFICATE OF ASSIGNMENT**

13-16503-360, Rev 06-2014