JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE VERDUGO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENALI WATER SOLUTIONS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 5:18-cv-00170-ODW (SHK)<br><br>Class Action<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Hearing: September 16, 2019<br>Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright II<br>Location: Courtroom 5D<br><br>Complaint Filed: December 21, 2017<br>Removed: January 25, 2018<br>Amended Complaint: March 28, 2018 |

| | |
|---|---|
| 1 | **ORDER** |
| 2 | This matter has come before the Court on the unopposed motion by Plaintiff |
| 3 | ENRIQUE VERDUGO ("Plaintiff"), on behalf of himself and all other similarly |
| 4 | situated employees of Defendant DENALI WATER SOLUTIONS ("Defendant") |
| 5 | (collectively, "the parties") for final approval of the parties' Amended Joint |
| 6 | Stipulation of Class Action Settlement ("Settlement Agreement") pursuant to Rule |
| 7 | 23(e) of the Federal Rules of Civil Procedure. The Motion will be heard with |
| 8 | Plaintiff's concurrently filed motion for an Order awarding the requested attorneys' |
| 9 | fees and reasonable litigation costs to Plaintiff's counsel and awarding the Class |
| 10 | Representative Enhancement and Incentive Award to Plaintiff, as addressed in detail |
| 11 | in the parties' Settlement Agreement. |
| 12 | A copy of the original Settlement Agreement was provided at Exhibit A to |
| 13 | Class Counsel's declaration in support of the motion for preliminary approval |
| 14 | document (*see* ECF No. 31-3). A copy of the Amended Joint Stipulation of Class |
| 15 | Action Settlement, which only listed the revisions from the original Agreement, was |
| 16 | provided at Exhibit A to Class Counsel's Declaration in support of the supplemental |
| 17 | motion for preliminary approval documents. (*See* ECF No. 34-3). The Amended |
| 18 | Settlement incorporated the original and together constitute the Settlement |
| 19 | Agreement. Copies of the Settlement Agreement and the Amended Settlement |
| 20 | Agreement were also provided for the Court's review at **Exhibit A** to the |
| 21 | concurrently filed declaration of Plaintiff's counsel, David Yeremian, Esq. |
| 22 | The Court preliminarily approved the Parties' Settlement and their proposed |
| 23 | resolution of Plaintiff's class and representative claims on behalf of the California |
| 24 | Class Members ("the Settlement Class Members") on **May 6, 2019** by entering its |
| 25 | Order granting preliminary approval to the Settlement Agreement, and set the final |
| 26 | approval hearing for **September 16, 2019**. (ECF No. 36). |
| 27 | In accordance with the order granting preliminary approval, and in |
| 28 | compliance with due process, the Settlement Administrator (ILYM Group, Inc.) sent |

the Class Notice to each of the 75 Class Members. The Class Notice informed them of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own remedies, and the right to appear in person or by counsel at the final approval hearing regarding final approval of the Settlement.

The motion for final approval seeks final approval of the Settlement and entry of judgment that will bind each Settlement Class Member and will operate as a full release and discharge of the Settled Claims (as defined in the Settlement Agreement).

Having received and considered Plaintiff's motion for final approval of the Settlement, Plaintiff's motion for attorneys' fees, costs and Class Representative Incentive Awards, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Approval Order and before and in connection with the final approval hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1. The terms in this order shall have the same meaning as assigned to them in the Settlement Agreement.

2. The Settlement Administrator (ILYM Group, Inc.) has fulfilled its initial notice and reporting duties under the Settlement Agreement.

3. The Class Notice: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise Class Members of the pendency of the Action, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class settlement under Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. No Class Member requested exclusion from the Settlement, and no one objected to it. Therefore, there are 75 total Settlement Class Members.

4. The notice of settlement served by Plaintiff on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of PAGA. The LWDA has expressed no objection to the Settlement.

5. The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure.

6. The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Settlement was entered into in good faith as to each Settlement Class Member.

7. Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

8. Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the Settlement Class Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

9. The Court appoints Plaintiff as representative of, and Class Counsel as counsel for, the Settlement Class Members for the purpose of entering into and implementing the Settlement.

10. The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of this Settlement. Pursuant to the Settlement Agreement, Defendant will pay the Gross Maximum Settlement Amount of $420,000.00 in two

installments. The first payment of funds will occur within 30 days of the effective date and the second payment will follow six months later. The First Payment will consist of payment of Settlement Shares to Participating Class Members and payment of the employer's share of payroll taxes on these payments. The parties expect this payment will be greater than one-half of the Gross Settlement Amount. The second payment will then pay the remainder of the payments under the Settlement Agreement, including Class Counsel's Fees and Costs, the Class Representative Incentive Award, the Settlement Administration Costs, and the PAGA allocation to the LWDA.

11. As of the Effective Date, the Plaintiff and the Settlement Class Members will release Defendant and the Released Parties from the Settled Claims, as those terms are defined in the Settlement Agreement.

12. The PAGA Payment arising under the California Private Attorneys General Act of $10,000.00 is approved, with the LWDA receiving $7,500.00 and the remaining $2,500.00 being redistributed to the Class members. Payment of that amount shall be paid from the Gross Settlement Amount in accordance with the Settlement Agreement, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

13. Notwithstanding the submission of a timely request for exclusion, California Class Members are still bound by the settlement and release of the PAGA Claims or remedies under this judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009), as requests for exclusion do not apply to the PAGA Claims. The State of California's claims for civil penalties pursuant to PAGA are also extinguished. As there were no requests for exclusion, this should not be an issue.

14. The fees, expenses, and any other costs of ILYM Group, Inc. in administering the Settlement, in the amount of **$6,000.00**, are fair and reasonable. Payment of that amount shall be paid out of the Gross Settlement Amount in accordance with the Settlement Agreement, which shall fully, finally and completely

compensate ILYM Group for all fees, expenses and any other costs in administering the Settlement.

15. Based upon application by Class Counsel and Plaintiff, and his valuable contribution to this litigation, the Court approves the payment of a Class Representative Enhancement and Incentive Award in the amount of **$5000.00** to Plaintiffs (in addition to any recovery they may receive as a member of the Settlement Class) in recognition of their efforts and the risks they undertook in prosecuting this Action.

16. Based upon application by Class Counsel, the Court approves the payment of attorneys' fees to Class Counsel in the amount of **$126,000.00**, which is 30% of the Gross Settlement Amount, to be paid in the manner set forth in the Settlement Agreement. Plaintiff's request for an award of reasonable litigation costs is also approved. Out of the $10,000 allocated to costs, Class Counsel has incurred approximately **$7,820.40** in costs through final approval. Class Counsel is awarded this amount, and the difference between that number and the allocated amount will be added back into the Net Settlement Fund to be distributed to the Settlement Class Members in accordance with the Settlement Agreement.

17. The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims and the Settled Claims released by the Settlement Class Members. The Settlement Agreement and this Final Approval Order and Judgment shall be binding on Plaintiff and the Settlement Class Members and others acting on their behalf.

18. Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

19. The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

20. This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice.

21. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendant, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

22. After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment.

23. If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of class representatives and appointment of class counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

**IT IS SO ORDERED.**

DATED: September 16, 2019

_____
Honorable Otis D. Wright
United States District Judge